UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEAL MILLER,<br><br>    Plaintiff,<br><br>v.<br><br>RUBY CARTER, et al.,<br><br>    Defendants. | No. 2:21-cv-01981-KJM-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought pursuant to 42 U.S.C. § 1983. Plaintiff asks the court to reopen the discovery period for 90 days. ECF No. 20. Defendants do not oppose the motion. ECF No. 21.

Federal Rule of Civil Procedure 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent." Courts considering a request to modify a schedule under Rule 16(b)(4) look primarily to the whether the party seeking modification could not reasonably meet the deadline despite his diligence. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). While the focus is primarily on the moving party's diligence, "the existence or degree of prejudice to the party opposing the motion might supply additional reasons to deny" the requested modification. *Id.*

Plaintiff's application demonstrates that he has acted with diligence, but delays have arisen due to mistake, an informal extension agreed on by the parties, plaintiff's disability, and

1

various obstacles presented by incarceration and the COVID-19 pandemic.  ECF No. 20.

Good cause being shown, it is hereby ORDERED that plaintiff's September 2, 2022 motion to modify of the discovery schedule (ECF No. 20) is GRANTED as follows:

1. The parties may conduct discovery until December 30, 2022. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than November 30, 2022.
2. If plaintiff seeks leave to amend the complaint, he must file a motion to amend no later than December 30, 2022.[1]
3. Dispositive motions shall be filed on or before March 1, 2023.
4. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, discovery motions, and motions made under the authority of Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and Local Rule ("L.R.") 110 shall be briefed in accordance with L.R. 230(l). Failure to timely file an opposition or statement of no opposition to such a motion may be deemed a waiver of opposition to the motion and may result in the imposition of sanctions. L.R. 230(l). Oppositions to all other motions need to be filed only as directed by the court.
5. The court will schedule pretrial proceedings, if necessary, upon the resolution of any pretrial motions filed. Requests to modify this schedule will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

Dated: September 27, 2022

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Any motion to amend must be accompanied by a proposed amended complaint that is rewritten or retyped so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).