
UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEAL MILLER,<br><br>Plaintiff,<br><br>v.<br><br>RUBY CARTER, *et al.*,<br><br>Defendants. | No. 2:21-cv-01981-KJM-EFB (PC)<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently pending before the court are defendants' motion for a protective order relieving them of their responsibility to respond to plaintiff's second sets of requests for admissions (RFAs) to each defendant (ECF No. 23) and plaintiff's motion to compel responses to the same (ECF No. 24 at 4-5). For the reasons that follow the court will deny both motions.

**I.     Background**

The case proceeds on plaintiff's complaint (ECF No. 1), which the court found to state potentially cognizable claims against defendants Carter, Filenko, and Nelson. ECF No. 6. Plaintiff alleges that defendants, nurses at Mule Creek State Prison, deprived him of necessary medication in violation of his Eighth Amendment rights. ECF No. 1 at 3-13.

////

////

Defendants provide the following history of the parties' relevant discovery interactions:

> To date, Plaintiff has served a total of 819 discovery requests. (Desta Decl., at ¶ 2.) They consist of two sets each of interrogatories, document requests, and requests for admissions. (*Id*., at ¶ 3.) The first set consisted of 574 discovery requests (457 requests for admission, 45 interrogatories, and 72 document requests). (*Id*., at ¶ 4.) The second set consisted of 245 requests (195 requests for admission, 35 interrogatories, and 15 document requests). (*Id*., at ¶ 5.) Defendants timely responded to Plaintiff's first set of 574 requests, and produced a total of 974 pages of documents. (*Id*., at ¶ 6.) The responses included Defendants' answers to Plaintiff's first 457 requests for admissions, which amounted to 109 pages of substantive responses and objections. (*Id*., at ¶ 7.) Defendants and their counsel spent approximately 35 hours to prepare and complete the objections and responses to Plaintiff's first set of requests for admissions. (*Id*., at ¶ 8.) The 35 hours were spent on reviewing medical records, making phone calls, conducting legal research, and completing Defendants' written responses to the RFAs. (*Id*.)
>
> Defendants' responses to Plaintiff's second set of discovery requests [were] due on December 25. (*Id*., at ¶ 9.) Defendants plan to respond to Plaintiff's second set of document requests and interrogatories by that date. (*Id*., at ¶ 10.) With respect to Plaintiff's second set of 195 RFAs, Defendants' counsel estimates that he and Defendants need to spend 15-20 hours to prepare and finalize their objections and responses. (*Id*., at ¶¶ 11-12.)

ECF No. 23 at 3-4.

## II. The Pending Motions

Defendants argue that "most" of plaintiff's second sets of RFAs "are either duplicative of his previous requests or are not related to the issues in this case." *Id.* at 4. As examples, defendants point to numbers 1-7 of plaintiff's second set of RFAs to Filenko, which "are duplicates (only with minor changes in wordings) of Plaintiff's first set of RFAs to Filenko numbers 12, 58, 94, 13, 14, and 19[.]" *Id.* Defendants also point out that some of plaintiff's RFAs, which appear to take issue with defendants' objections to the first set of RFAs, are not relevant: "For instance, in RFA numbers 35 to 37, Plaintiff asks 'Admit that you know what the word "vague" means,' 'Admit that you know what the word "ambiguous" means,' and 'Admit that you know what the word "unintelligible" means.'" *Id.* Defendants have provided the court with a copy of plaintiff's second RFAs but have not provided a copy of the first set. ECF No. 23-2.

Plaintiff responds that, of his original 182 RFAs to defendant Carter, only 31 were admitted, and these 31 RFAs "did not relate to the actual incident that occurred to the injury of

2

Plaintiff's left eye, or medical and/or medication issues, the crux of the Action." ECF No. 24 at 2. The remaining RFAs were denied and objected to as vague, ambiguous, unintelligible, overbroad, compound, or argumentative. *Id.* According to plaintiff, the other two defendants' first RFA responses were similarly low on substance and high on objections. *Id.* at 2-3. Plaintiff states that he is a pro per litigant with no legal training who painstakingly created the second set of discovery requests to respond to the objections raised by defendants in their responses to the first set. *Id.* at 4.

The Federal Rules of Civil Procedure provide:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery that falls outside of that scope or "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

Federal Rule of Civil Procedure 36(a)(1) authorizes a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." If the responding party does not respond to a request with an admission, it

> must specifically deny it or state in detail why [it] cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when in good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). RFAs serve "to expedite trial by establishing certain material facts as

true and thus narrowing the range of issues for trial." *Asea, Inc. v. Southern Pacific Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981).

> If the requesting party is dissatisfied with responses to its requests for admissions, it may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

Fed. R. Civ. P. 36(a)(6).

Federal Rule of Civil Procedure 26(c) permits a party to seek a protective order relieving her of her duty to respond to a discovery request upon a showing of good cause. "For good cause to exist [under Rule 26(c)], the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. GMC*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy" Rule 26(c)'s "good cause" requirement. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting with approval *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). District courts have broad discretion to decide when a protective order is appropriate and to determine the order's scope. *Phillips*, 307 F.3d at 1211.

The court has carefully reviewed the second sets of RFAs plaintiff propounded on defendants. While they contain a few irrelevant and/or argumentative requests, the vast majority of the RFAs are relevant and proper. ECF No. 23-2. Because neither party has provided the court with a copy of plaintiff's first set of RFAs and defendants' responses thereto, the court cannot evaluate whether the second set contains so much unnecessary duplication[1] that a protective order is called for. Similarly, without the first set of RFAs and defendants' responses, the court cannot evaluate whether, as plaintiff alleges, defendants have improperly failed to respond to plaintiff's legitimate requests. Accordingly, the court will deny defendants' request for a protective order and plaintiff's motion to compel. The court will further modify the

---

[1] For example, a repeated question that has *not* been rephrased in an attempt to address an objection raised by a defendant in her earlier response.

schedule to allow time for defendants to respond to the second set of RFAs and for plaintiff to file a motion under Rule 36(a)(6) should he find the responses unsatisfactory. To the extent that defendants find that plaintiff's RFAs are irrelevant, duplicative, or otherwise objectionable, they remain free to raise those objections in their responses.

**III.    Order**

Accordingly, it is hereby ORDERED that:

1. Defendants' December 2, 2022 motion for a protective order (ECF No. 23) is DENIED.
2. Plaintiff's December 27, 2022 motion to compel (ECF No. 24 at 4-5) is DENIED.
3. The schedule is MODIFIED as follows:
   a. Defendants shall respond to plaintiff's second sets of RFAs on or before March 10, 2023. Plaintiff shall have until April 14, 2023 to file a motion under Federal Rule of Civil Procedure 36(a)(6). Any such motion must identify each unsatisfactory response. Plaintiff is not obligated to file such a motion.
   b. Dispositive motions shall be filed on or before June 23, 2023.
   c. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, discovery motions, and motions made under the authority of Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and Local Rule ("L.R.") 110 shall be briefed in accordance with L.R. 230(l). Failure to timely file an opposition or statement of no opposition to such a motion may be deemed a waiver of opposition to the motion and may result in the imposition of sanctions. L.R. 230(l). Oppositions to all other motions need to be filed only as directed by the court.
   d. The court will schedule pretrial proceedings, if necessary, upon the resolution of any pretrial motions filed. Requests to modify this schedule will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

Dated: February 6, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE