UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL NEAL MILLER,

Plaintiff,

v.

RUBY CARTER, et al.,

Defendants.

No.  2:21-cv-01981-KJM-EFB (PC)

ORDER

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed motions to compel further responses to two requests for admission (RFA) and three interrogatories.  ECF Nos. 27, 28.

**I.    Background**

This case proceeds on plaintiff's complaint (ECF No. 1), which the court found to state potentially cognizable claims against defendants Carter, Filenko, and Nelson.  ECF No. 6. Plaintiff alleges that defendants, nurses at Mule Creek State Prison, deprived him of necessary medication in violation of his Eighth Amendment rights.  ECF No. 1 at 3-13.

Defendants provide the following history of the parties' relevant discovery interactions:

On or about May 14, 2022, Plaintiff served on Defendants 574 discovery requests consisting of 457 requests for admission, 45 interrogatories, and 72 document requests. (Declaration of Zewugeberhan Desta ("Desta Decl.") at ¶ 2.) Defendants timely responded to each of Plaintiff's requests, and produced 974 pages of documents. (Id., at ¶ 3.) On or about August 18, 2022, Defendants supplemented

1

their responses to Plaintiff's document requests and provided Plaintiff additional 248 pages of medical records. (Id., at ¶ 4.) Defendants again supplemented their responses to Plaintiff's document requests, set one, on April 19, 2023, and provided Plaintiff additional 1,536 pages of medical records. (Id., at ¶ 5.)

On or about October 23, 2022, Plaintiff served on Defendants a second set of 245 requests consisting of 195 requests for admission, 35 interrogatories, and 15 document requests. (Id., at ¶ 6.) Defendants timely responded to Plaintiff's interrogatories and document requests, but moved the Court for a protective order regarding Plaintiff's requests for admission (RFA). (Id., at ¶ 7.) On February 6, 2023, the Court denied Defendants' motion, and directed the Defendants to respond to Plaintiff's second set of requests for admission by March 10, 2023. (ECF No. 26 at 5.) On March 6, 2023, Defendants responded to Plaintiff's second set of RFA. (Desta Decl., at ¶ 9.) To date, Defendants have responded to 819 discovery requests and produced over 2,750 pages of documents. (Id., at ¶ 12.)

On April 14, 2023, Plaintiff filed the instant motion asking the Court to compel Defendant Filenko to provide additional responses to Plaintiff's second set of RFA, numbers 2 and 17. (ECF No. 27 at 1–3.) Plaintiff also requested the Court to compel Filenko to provide verification with her RFA responses. (Id. at 3.) [The same day, plaintiff filed a second motion to compel concerning two interrogatory responses. (ECF No. 28.)]

Plaintiff mailed a meet-and-confer letter to Defendants on March 19, 2023, in which Plaintiff requested that Defendants provide verifications for their second set RFA responses. (Id., at ¶ 10.) In a March 30, 2023 letter to Plaintiff, Defendants reiterated that they were not required to submit verifications with their responses to Plaintiff's RFAs. (Id. at ¶ 11.) Plaintiff has not met and conferred regarding Defendant Filenko's responses to his second set of RFA requests number 2 and 17. (Id. at ¶ 10, Ex. B.)

ECF No. 29 at 2.

## II.    The Pending Motions

The Federal Rules of Civil Procedure provide:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  The court must limit the frequency or extent of discovery that falls outside of that scope or "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C).

////


Federal Rule of Civil Procedure 36(a)(1) authorizes a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  If the responding party does not respond to a request with an admission, it

> must specifically deny it or state in detail why [it] cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when in good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).  RFAs serve "to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. Southern Pacific Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981).

If the requesting party is dissatisfied with responses to its requests for admissions, it

> may move to determine the sufficiency of an answer or objection.  Unless the court finds an objection justified, it must order that an answer be served.  On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

Fed. R. Civ. P. 36(a)(6).

Federal Rule of Civil Procedure 33 provides an additional fact-gathering mechanism – it permits parties to submit a limited number of interrogatories to one another during discovery.  If a party is dissatisfied by an interrogatory response, she may file a motion to compel under Federal Rule of Civil Procedure 37(a).  Plaintiff's motions concern defendants' responses to a few of his RFAs and interrogatories.

Plaintiff first takes issue with defendant Filenko's response to the following RFA:

> RFA 2, second set:  Admit that you are a Licensed Vocational Nurse who knows that her duties included, but were not limited to, administering medication to patient/inmates at Mule Creek State Prison during the relevant time periods to this lawsuit, which are October 19, 2020 to November 10, 2020.

> Response:  Defendant objects to this request because it is compound. Without waiving this objection, Defendant responds as follows: Defendant admits that,

while working at Mule Creek State Prison in October and November 2020, one of her duties was to administer medication to inmate-patients. But Defendant denies the remaining parts of Plaintiff's allegations contained in the request.

Plaintiff argues that this response is misleading.  It admits that Filenko worked at Mule Creek and that one of her duties was to administer medication to inmate-patients, but denied the remainder of the question.  As plaintiff puts it, Filenko "denies the remaining parts of Plaintiff's allegations contained in the request," which includes the allegation that Filenko is a licensed vocational nurse (LVN), yet elsewhere Filenko had already stated that she is an LVN in response to one of plaintiff's interrogatories.  Defendants do not address this apparent contradiction.  However, their opposition brief suggests an intention to deny only the time-period allegations in the RFA.  There does not actually appear to be any dispute that Filenko is an LVN and the court relies on defendant's representations to that effect.  Accordingly, it is unnecessary to order further response from defendant Filenko.  Should she, in the future, deny that she is a licensed vocational nurse (or was at the time relevant to this action), plaintiff may seek relief under Federal Rule of Civil Procedure 37(c)(2).

Next, plaintiff argues that defendant Filenko's response to RFA 17 is inadequate:

RFA 17, second set, to defendant Filenko:  Admit that DR. JUBY did not write, say, or infer in any manner, that the Prednisone should "only" be dispensed in the AM Hours.

Response: After a reasonable search of documents in her possession, Defendant is unable to admit or deny this request, and based on that denies the request.

Plaintiff argues that this response indicates that Filenko possesses documents from his prison medical record in her personal possession.  The defendant's response alone does not establish that Filenko possesses his medical records – documents in Filenko's possession are not necessarily plaintiff's records.  But it clearly states that defendants referred to documents in her possession to deny any such statement by Dr. Juby, and plaintiff is entitled to know what documents defendant considered in denying the request for admission.

////

////

Plaintiff also appears to argue that the response is inconsistent with a prior response from Filenko that prednisone would only be dispensed in the A.M. hours if a doctor had ordered it to be so dispensed.  The court finds no inconsistency between the two responses.

As to plaintiff's request that the court order defendant Filenko to verify her RFA responses, the court will deny it.  The responses were signed by Filenko's attorney, which is all that the Federal Rules requires.  Fed. R. Civ. P 26(g), 36.

Plaintiff next takes issue with defendant Carter's response to the following interrogatory:

Interrogatory 4, second set, to defendant Carter:  In SET ONE of Admissions to RUBY CARTER, you admitted being sued at least one time. In your own words, describe the nature of the lawsuit, explain why you were sued. If it had to do with medication distribution, explain the reason why.

Response:  Defendant objects to this interrogatory because it seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case. Without waiving these objections, Defendant responds as follows: Defendant was sued for an alleged failure to hand out KOP medicines that were not in the clinic that she was working.

Plaintiff argues that this answer is too minimal and that Carter must provide him with more information to enable him to research the prior suit to see if it has any relevance to his case. While defendant's answer is short, it was responsive to the interrogatory.  It discloses the nature of the suit as an alleged failure to hand out medication described as "KOP medicines."[1]  If plaintiff wishes to obtain more information about the prior case, he must seek permission from the court to propound additional discovery or seek the information through other means (e.g., a public records request or a court database search).

////

////

---

[1] Defendant does not define "KOP medicines," and plaintiff does not ask for a definition. A Google search reveals this possible meaning: "Keep on Person (KOP) medication administration is a common practice in many jails and prisons.  Also called Self-Administered Medication (SAM), this process allows incarcerated individuals to keep a quantity of medications (usually 30 days) with them and self-administer according to the directions provided." CorrectionalNurse.net, https://correctionalnurse.net/kops-and-robbers-keep-on-person-med-tips-for-correctional-nurses (last checked July 10, 2023).

1    Plaintiff next challenges Filenko's response to the following interrogatory:

2    Interrogatory 1, second set, to defendant Filenko:  You replied in RESPONSE TO
     INTERROGATORY NO. 1. of SET ONE INTERRORATORIES TO
3    ANTONINA FILENKO, LVN, that in part…" Defendant's job responsibilities
     included: administering medications, blood pressure checks, and insulins;
4    checking vital signs; charting; and working with registered nurses and medical
     doctors. In your own words, please explain why you did not contact a registered
5    nurse or a doctor and inquire as to when Plaintiff's Prednisone was to be
     dispensed instead of refusing to dispense the Prednisone on October 21, 2020.
6
     Response:  Defendant objects to this interrogatory because it is argumentative and
7    assumes facts not established as true. Defendant also objects to this interrogatory
     because it is compound. Without waiving these objections, Defendant responds as
8    follows: Defendant does not recall refusing to dispense Plaintiff's prescribed
     medication prednisone. If Defendant did not dispense a prescribed medication at a
9    particular time, it could be because the medication was not available for her to
     dispense or it could be because the medication was not due for administration.
10

11   Plaintiff argues that this response is incomplete because Filenko claims not to remember refusing

12   to dispense plaintiff's prednisone and speculates as to why she might have done so.  While it may

13   be frustrating to plaintiff that Filenko does not remember the incident, the court finds no

14   impropriety in her response.

15      Lastly, plaintiff takes issue with Filenko's response to the following interrogatory:

16   Interrogatory 6, second set, to defendant Filenko:  On October 21, 2020 at the
     8:30 Pill-Line in Building #2 on A-YARD at MCSP, you clearly told Plaintiff "I
17   think the Prednisone is only dispensed (1) time a day and that is only in the
     morning." Please explain in your own words how you came to this conclusion
18   because those instructions were not on the bottle

19   Response:  Defendant objects to this interrogatory because it is argumentative and
     assumes facts not established as true.  Defendant also objects to this interrogatory
20   because it is compound.  Without waiving these objections, Defendant responds
     as follows: Defendant does not recall telling Plaintiff that Prednisone was to be
21   dispensed only in the morning.  It is unlikely that Defendant said such things
     because Defendant does not in general believe that Prednisone was to be
22   dispensed only in the mornings, unless the doctor's order specifically states that
     the medication should be administered only in the morning.
23

24   Plaintiff contends that this answer is incomplete because Filenko did not say whether or not there

25   was a doctor's order in place stating that plaintiff's prednisone should be administered only in the

26   morning.  Filenko's RFA answers show, however, that she cannot say whether there was such a

27   doctor's order in place.  More importantly, Filenko does not accept plaintiff's factual predicate –

28   /////

                                                6

that she "clearly" told him that the prednisone was only dispensed in the morning.  Plaintiff has not established that the response is incomplete or improper.

**III.     Order**

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's April 14, 2023 motion to compel further RFA responses from defendant Filenko (ECF No. 27) is GRANTED IN PART such that defendant Filenko shall inform plaintiff within 14 days of the date of this order which documents she referred to in responding to RFA 17 (second set) and is otherwise DENIED.

2.  Plaintiff's April 14, 2023 motion to compel further interrogatory responses (ECF No. 28) is DENIED.

3.  Plaintiff shall file an opposition or statement of non-opposition to the pending motion for summary judgment (ECF No. 33) within 30 days of receipt of defendant Filenko's further response to RFA 17 (second set).  Failure to comply may result in a recommendation that this action be dismissed without prejudice.

Dated: July 11, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE