UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEAL MILLER, | No. 2:21-cv-01981-KJM-EFB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RUBY CARTER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding in forma pauperis and without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on the original complaint filed October 26, 2021. ECF No. 1. Three defendants have answered the complaint, and their motion for summary judgment, filed June 20, 2023, is pending. ECF Nos. 16 & 33. On July 10, 2023, plaintiff filed a motion for leave to file a proposed first amended complaint, which was attached. ECF Nos. 34 & 35 (FAC). Plaintiff's motion to amend has been fully briefed and is now before the court for resolution and is addressed below. *See* ECF Nos. 37 & 38.

Plaintiff's original complaint alleges that, in October 2020, when he was housed at Mule Creek State Prison (MCSP), he was diagnosed with Bell's Palsy, with symptoms of facial sagging and difficulty blinking his left eye. Plaintiff was prescribed medications for facial paralysis and a tongue ulcer, and eye drops to lubricate his left eye. Plaintiff alleges that, for three days, defendant nurses at MCSP refused to supply his medications and were deliberately indifferent to

1

his serious medical needs.  As a result, plaintiff allegedly sustained a serious eye injury, suffered migraine headaches and vomiting, and required eye surgery.  ECF No. 1.

In the proposed FAC, plaintiff adds two new defendants, S. Cooper, and M. Ahady.  He alleges that nurse Cooper refused to give him his prescribed medications, and that he filed a staff complaint against her, which received a response in August 2021.  FAC, ¶¶ 15-17.  Plaintiff made similar allegations against Cooper in the original complaint but did not name her as a defendant.  ECF No. 1 at 4-5.  The FAC also alleges that defendant Dr. Ahady examined plaintiff in March 2021 and removed a cyst from his left eye, which he was "not authorized" to do.  FAC, ¶¶ 27-28.  The FAC drops defendant Carter, named in the original complaint, but is otherwise substantially similar to that complaint.

Under the scheduling order in this action, the deadline to file a motion to amend was December 30, 2022.  ECF No. 22 at 2.  "[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that '[a] schedule may be modified only for good cause and with the judge's consent,' rather than the liberal standard of Federal Rule of Civil Procedure 15(a)."  *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013).  This good cause standard "primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  If the moving party "was not diligent, the inquiry should end."  *Id.*

"A party unduly delays seeking amendment by failing to seek amendment reasonably promptly after it 'knew or should have known' that amendment was called for."  *Johnson v. Hewlett–Packard Co.*, 809 F. Supp. 2d 1114, 1120 (N.D. Cal. 2011) (quoting *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006)); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (explaining that "[r]elevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading").  A party's undue delay and failure to explain the reasons for delay weigh against leave to amend under Rule 15.  *Swanson v. U.S. Forest Serv.*, 87 F.3d

339, 345 (9th Cir. 1996) (citing *Foman*, 371 U.S. at 182); *see also Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (stating that "[a]lthough delay is not a dispositive factor in the amendment analysis, it is relevant, especially when no reason is given for the delay" (citations omitted)).  "While delay alone does not justify denial of leave to amend, late amendments to assert new theories are not reviewed favorably when the facts and theory have been known to the party seeking amendment since the inception of the cause of action." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1159 (N.D. Cal. 2010) (quotations and citations omitted).

     A review of the record indicates that plaintiff was diligent in adding Ahady as a defendant when he learned of a basis for potential Eighth Amendment liability.  Plaintiff asserts that he "knew at the time he drafted his original complaint that Dr. Mostafa Ahady had performed surgery on plaintiff's left eye to [remove] a cyst[.]"  ECF No. 38 at 11.  However, it was not until plaintiff reviewed the declaration of Dr. A. Shabo, submitted in support of defendants' motion for summary judgment on June 20, 2023, that plaintiff learned "that Dr. Ahady failed to record his surgery" to remove the cyst on May 10, 2021.  ECF No. 38 at 13 (Miller Declaration) at ¶¶ 3-7.  Dr. Shabo declared that, based on plaintiff's optometry records, there was "never any . . . need for eye surgery[.]"  ECF No. 33-4 (Shabo Declaration) at ¶ 8.  Based on Dr. Shabo's statement and Dr. Ahady's alleged failure to record the surgery, plaintiff claims that Dr. Ahady was "not authorized to perform such eye surgery."  Miller Decl. at ¶ 8.  Plaintiff "immediately filed a motion to amend the complaint to add Dr. Ahady as a defendant[.]"  *Id.* at ¶ 9.  Liberally construing plaintiff's pro se pleading, the undersigned finds that he states a potential Eighth Amendment claim against Ahady and was diligent in seeking to amend.

     As to defendant Cooper, a nurse at MCSP, plaintiff alleged in the original complaint that she failed to promptly provide the medications he needed for his Bell's Palsy symptoms.  ECF No. 1 at 4-7.  In his reply in support of the instant motion, plaintiff acknowledges that his failure to include Cooper as a defendant in the original complaint was "an oversight."  ECF No. 38 at 5.  In the proposed FAC, plaintiff makes similar but more detailed allegations about Cooper's alleged failure to provide his medication, including the alleged response to an inmate grievance

plaintiff filed against her, in which officials concluded staff had violated CDCR policy. FAC at ¶¶ 15-17. As this is plaintiff's first round of amendment and he has shown good cause as to Dr. Ahady, the undersigned will recommend that he be permitted to add Cooper as well. As this litigation is well underway, plaintiff is cautioned that future motions to amend will not be looked upon favorably absent a showing of extraordinary cause.

## Conclusion

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 34) be granted;
2. The Clerk of Court be directed to add defendants S. Cooper and Mostafa Ahady to the docket of this action, and to remove defendant Ruby Carter;
3. Defendants' motion for summary judgment (ECF No. 33) be denied as premature but without prejudice to refiling; and
4. This case be referred back to the magistrate judge for service of the First Amended Complaint on defendants Cooper and Ahady upon the district judge's order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 13, 2023

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE